UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| LIBERTAD QUINTANA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:11-cv-4-RLY-WGH |
| | ) | |
| AMERICAN GENERAL HOME EQUITY, INC., | ) | |
| AND MOREQUITY, INC., | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED
VERIFIED COMPLAINT FOR FAILURE TO STATE A CLAIM**

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's

Amended Verified Complaint for Failure to State a Claim.

**I.      Background and Procedural History**

On January 6, 2011, Plaintiff, Libertad Quintana, filed a Verified Complaint in this

case.  The court dismissed Plaintiff's Verified Complaint pursuant to 28 U.S.C.

1915(e)(2)(B) and Rule 8 of the Federal Rules of Civil Procedure for failure to state a

claim.  Plaintiff then filed an Amended Verified Complaint ("Complaint") against

Defendants alleging the following:

> a.      On January 7, 1997, Plaintiff and her husband, Jorge L. Quintana,
> Sr., executed a Mortgage and Note in favor of Defendant American
> General Home Equity, Inc. ("American General").  (Amended
> Verified Complaint ¶ 4).

1

b.   On July 3, 2002, American General assigned the servicing rights for the Mortgage to Defendant MorEquity, Inc. ("MorEquity").  (*Id.* ¶ 3).

c.   On January 7, 2003, a court in Delaware County, New York, issued an Order in which it ruled that American General's Mortgage had been extinguished by tax foreclosure proceedings.  (*Id.* ¶ 6).

d.   On June 13, 2007, American General purported to assign the Mortgage to MorEquity.  (*Id.* ¶ 5).

e.   On February 1, 2011, MorEquity assigned the servicing rights for the Mortgage to Nationstar Mortgage, LLC ("Nationstar").  (*Id.* ¶ 7).

f.   Defendants' assignments of the Mortgage, first from American General to MorEquity, then from MorEquity to Nationstar, was a violation of the anti-tying provisions of the Bank Holding Company Act, 12 U.S.C. § 1972, as well as the Sherman Antitrust Act, 15 U.S.C. § 1, and New York state law.

Defendants filed the instant Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiff has failed to state a claim upon which relief can be granted.  Having examined the relevant legal authorities, as well as the arguments of the parties, the court concludes that Defendants' Motion to Dismiss Plaintiff's Amended Verified Complaint for Failure to State a Claim must be granted.

## II.   Legal Standard

When reviewing a 12(b)(6) motion, the court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff.  *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008)(citations omitted).  However, the allegations must "give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Furthermore, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009)(citations omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citation omitted). When ruling on a motion to dismiss, a court generally should only consider the complaint's allegations. *Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005)(citation omitted).

Additionally, it is important to remember that Plaintiff is proceeding without counsel, meaning that her allegations are given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(holding that a pro se litigant's allegations are held to a more lenient standard than those of an attorney). Despite this liberal construction, the court "will not invent legal arguments for litigants, and is not obliged to accept as true legal conclusions or unsupported conclusions of fact." *County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006)(internal quotations and citations omitted). "Pro se litigants are masters of their own complaints

3

and may choose who to sue-or not to sue." *Myles v. U.S.*, 416 F.3d 551, 552 (7th Cir.

2005). The "who to sue" encompasses all aspects of asserting a claim–who, why, and for

what relief. "At a minimum, a complaint must contain facts sufficient to state a claim as a

matter of law." *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir. 2002)(citing *Fries v.

Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)).

## III.  Analysis

In this case, even giving Plaintiff's allegations in her Complaint a liberal

construction, Plaintiff has failed to state a claim. Plaintiff alleges that Defendants

violated the anti-tying provisions of the Bank Holding Company Act. 12 U.S.C. § 1972.

The portion of the anti-tying provisions that Plaintiff alleges was violated prohibits a bank

from conditioning the extension of credit on the requirement "that the customer shall

obtain some additional credit, property or service from such bank other than a loan,

discount, deposit, or trust service." *Id*. § 1972(1)(A). This section means that a "bank

may not condition the extension of credit on the purchase of the tied product." *Graue

Mill Development Corp. v. Colonial Bank & Trust Co. of Chicago*, 927 F.2d 988, 991

(7th Cir. 1991). It "is directed at tying arrangements that have an anti-competitive effect

on the market in the tied product, and it is only by causing a customer to purchase a tied

product–presumably at an above-market price–that a bank could exert such an effect."

(*Id*.)(internal citations omitted).

4

In this case, Plaintiff's only allegation is that Defendants improperly assigned Plaintiff's mortgage after it had been extinguished in tax foreclosure proceedings. Plaintiff has not made any allegation that, at the time that Plaintiff entered into the mortgage agreement, Defendants conditioned the agreement on the purchase of some other product.  Consequently, Plaintiff has failed to state a claim under 12 U.S.C. § 1972. Furthermore, Plaintiff has failed to state a claim under the Sherman Antitrust Act.  That statute, like the Bank Holding Company Act, prohibits anti-competitive behavior. Specifically, 15 U.S.C. § 1 makes illegal any agreement which unreasonably restrains competition.  However, Plaintiff has not alleged in her Complaint the existence of any such agreement involving Defendants.  Therefore, Plaintiff has failed to state "enough facts to state a claim to relief that is plausible on its face" under either the Sherman Antitrust Act or the Bank Holding Company Act, and her Complaint must be dismissed.

## IV.    Conclusion

For the reasons outlined above, Defendants' Motion to Dismiss Plaintiff's Amended Verified Complaint for Failure to State a Claim (Docket # 12) is **GRANTED.** All claims against Defendants raised under federal law in Plaintiff's Amended Verified Complaint are **DISMISSED.**  The court declines to exercise its supplemental jurisdiction over Plaintiff's claims under New York state law, and those claims are **DISMISSED,**

**without prejudice.**  Plaintiff's Motion to Change Venue (Docket # 26) is **DENIED, as moot.**  A separate Judgment shall issue accordingly.

**SO ORDERED** this 8th day of February 2012.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copy to:

Steven S. Hoar
KAHN DEES DONOVAN & KAHN
shoar@kddk.com

Copy to:

LIBERTAD QUINTANA
23 Railroad Ave
Stamford, NY  12167-1200